# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUCILLE PULNIK, <br>                   Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., FEDERAL <br> HOME LOAN MORTGAGE CORPORATION, <br> SUPERIOR FUNDING CORPORATION, AND <br> HARMON LAW OFFICES, P.C. <br><br>                   Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 12-12037-TSH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FEDERAL HOME LOAN MORTGAGE CORPORATION
AND WELLS FARGO BANK, N.A.'S MEMORANDUM IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Wells Fargo Bank, N.A. ("Wells Fargo"), by their undersigned counsel, hereby respectfully move this Court to dismiss the claims asserted in the complaint of Plaintiff, Lucille Pulnik ("Plaintiff"), for failure to state a claim upon which relief can be granted. As reasons for their motion, FHLMC and Wells Fargo state as follows:

## INTRODUCTION

Adjudication of this entire dispute requires this Court to answer a single legal question: Can an alleged improper notarization of an assignment of mortgage render said assignment legally void? FHLMC and Wells Fargo submit that Massachusetts law requires this Court to answer this legal question in the negative for several reasons. First, Massachusetts law is clear that an assignment need not be notarized in order to make a mortgage assignment effective. Thus, any alleged defect regarding the notarization of the assignment is legally irrelevant. Moreover, Plaintiff lacks standing to challenge a mortgage assignment. This Court, as well of

several other courts in this district, has ruled that a mortgagor lacks standing to challenge the validity of the mortgage assignment as he or she was not a party to the assignment transaction. As a result, even if there was an alleged defect that affected the validity of the assignment of the mortgage (there is not), Plaintiff lacks standing to assert such a challenge.

Plaintiff, as she must, admits that an assignment of the mortgage to Wells Fargo exists and that said assignment is recorded at the Registry of Deeds. Indeed, while Plaintiff's Complaint is full of legal conclusions and rhetoric, the only alleged factual basis for the relief sought in the Complaint is Plaintiff's allegation that the mortgage assignment to Wells Fargo was improperly notarized. Without providing a factual or legal basis as to how the assignment was improperly notarized, Plaintiff merely concludes that the mortgage assignment to Wells Fargo is void and that Wells Fargo's foreclosure sale of Plaintiff's property was improper as Wells Fargo never held an assignment of the mortgage when it conducted the foreclosure sale. The unsupported legal conclusion that the mortgage assignment held by Wells Fargo was void at the time of foreclosure forms the entire foundation for Plaintiff's claims for Declaratory Relief (Count I), Quiet Title (Count II), Breach of Good Faith and Reasonable Diligence (Count III), and Injunctive Relief (Count IV). However, as explained in greater detail herein, the mortgage assignment to Wells Fargo was effective under Massachusetts law and Plaintiff's challenge to the same is unsupported. Accordingly, as the mortgage assignment to Wells Fargo was legally effective, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FACTS[1]

On July 3, 2006, Plaintiff entered into a mortgage loan agreement ("Mortgage") with Superior Funding Corp. ("Superior Funding"). Complaint, paragraph 14 (hereinafter, "Compl. ¶_."). The Mortgage was subsequently assigned from the original Lender, Superior Funding, to Wells Fargo. Compl. ¶21, Ex. A ("Assignment").[2] In particular, the Assignment was executed on July 3, 2006. Id. On July 5, 2006, Roman Shulman, President of Superior Funding, appeared before a notary public. Id. Mr. Shulman acknowledged before the notary that he executed the assignment on behalf of Superior Funding and it was his free will and act to assign the Mortgage. Id. Approximately five years after the Assignment was recorded, Wells Fargo, as the assignee of the mortgage, foreclosed on Plaintiff's Property. Compl. ¶¶ 25, 30; See also Ex. 1, Foreclosure Deed[3]. After the foreclosure sale, Wells Fargo assigned its rights and interest in the Property to FHLMC. See Ex. 1, Foreclosure Deed. Accordingly, FHLMC is the current record title holder to the Property. Id. Plaintiff filed suit on October 4, 2012 in the Worcester County Superior Court. See Notice of Removal, Docket No. 1. FHLMC removed this case to the United States District Court, District of Massachusetts on October 31, 2012. Id.

---

[1] Wells Fargo and FHLMC, as they must for the purposes of this Rule 12 Motion only, accept Plaintiff's well pleaded factual allegations set forth in her Complaint as true.

[2] The Assignment is attached to, referenced in, and central to Plaintiff's Complaint and therefore may be considered by this Court without converting this motion to summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Furthermore, this Court may take judicial notice of the Assignment as it is recorded at the Worcester County Registry of Deeds without converting this motion into one for summary judgment. See In re Mitchell, 476 B.R. 33, 38 n.2, n.5 (Bankr. D. Mass. 2012); McKenna v. Wells Fargo Bank, N.A., 2011 WL 1100160, at *1 n. 6 (D. Mass. Mar. 21, 2011) (taking judicial notice of mortgage document recorded at Barnstable County Registry of Deeds without converting motion to dismiss into a motion for summary judgment).

[3] As the Foreclosure Deed is recorded at the Registry of Deeds, this Court may take judicial notice of the document and consider it in adjudicating this motion to dismiss without converting the motion for one for summary judgment. See Fn 2. A true and accurate copy of the Foreclosure Deed is attached hereto as Exhibit 1.

## THE RULE 12(b)(6) STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)). As the First Circuit has stated, "[i]n resolving a motion to dismiss, a court should employ a two-pronged approach." Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011) (applying Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) and Twombly, 550 U.S. at 555). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id. If they do, "the claim has facial plausibility" and can withstand a motion to dismiss. Ocasio–Hernández, 640 F.3d at 12 (quoting Iqbal, 129 S.Ct. at 1949).

## ARGUMENTS AND AUTHORITIES

**A.   Superior Funding's Assignment to Wells Fargo Is Valid.**

The entire factual basis for Plaintiff's argument that the Assignment to Wells Fargo was void can be found in paragraph 21 of Plaintiff's Complaint. Paragraph 21, in its entirety, reads:

> On July 3, 2006, an alleged Assignment of Mortgage concerning the Plaintiff's Property was allegedly duly executed. However, the sworn notary public signature page shows that the alleged Assignment of Mortgage was executed on July 5, 2006. (See Attached Exhibit A) This is a fatal defect in the alleged Assignment of Mortgage and renders such alleged Assignment of Mortgage void.

As an initial matter, this allegation simply concludes that notarizing a document on July 5 when that same document was executed on July 3 is a "fatal defect" without providing a factual or legal basis for said conclusion. There is no explanation as to what statute, standard, or common law practice this notary process allegedly violated. Instead, Plaintiff simply labels this notary practice as a "fatal defect" and legally concludes that the Assignment is void due to the same. This is exactly the conclusion-based pleading that has been eschewed by the First Circuit and is reason alone to dismiss the Complaint. However, even if this Court deems this pleading style adequate (which it should not), a simple review of the Assignment shows that the Mortgage was effectively assigned from Superior Funding to Wells Fargo.

Under Massachusetts law, a mortgage assignment is a "conveyance of an interest in land that requires a writing signed by the grantor." U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649 (2011). To effectively transfer one's interest, an assignment must merely state that the assignor "assigns" the mortgage to the assignee; no magic words are needed. See G.L. c. 183, § 28 ("In an assignment of a mortgage of real estate the word "assign" shall be a sufficient word to transfer the mortgage . . ."). However, in order for an assignment to be *recordable*, Massachusetts law requires it to be notarized. See G.L. c. 183, § 29. Nevertheless, at the time of the foreclosure, there was no requirement under Massachusetts law that a mortgage be recorded prior to foreclosure; all that was required was a valid assignment. Applying these core principles to the Assignment in this matter, it quickly becomes clear that

Wells Fargo held a valid assignment of the Mortgage and (although not required to be authorized to foreclose) that the assignment of mortgage was also in recordable form.

### 1. *Massachusetts Law Does Not Require a Mortgage to be in Recordable Form Prior to a Foreclosure Sale*

The Supreme Judicial Court held in Ibanez that an assignment need not be in recordable form, let alone recorded, in order to convey the authority to foreclose. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 651 (2011). In particular, the SJC explicitly stated that they "do not suggest that an assignment must be in recordable form at the time of the notice of sale or the subsequent foreclosure sale." Id. Further, a "valid assignment of a mortgage gives the holder of that mortgage the statutory power to sell . . . regardless whether the assignment has been recorded." Id; see In re Bailey, 437 B.R. 721, 729 (Bankr. D. Mass. 2010) ("[F]oreclosure [sales] '[are] not rendered invalid by [the lender's] failure to record the assignment reflecting its status as the holder of the mortgage prior to the foreclosure . . . [if] it was, in fact, the holder by assignment at the time of the foreclosure . . .") (quoting U.S. Bank Nat'l Ass'n v. Ibanez, 2009 WL 795201 (Mass. Land Ct. Mar. 26, 2009)).

In the present matter, it is undisputed that Superior Funding, as the original mortgagee assigned its rights in the Mortgage to Wells Fargo. Compl. ¶21, Ex. A. Plaintiff does not, and cannot, contest that an assignment was executed between Superior Funding and Wells Fargo, which assigned Plaintiff's Mortgage to Wells Fargo. Accordingly, regardless of the recordability of the Assignment due to an alleged defect in the notary block, the Assignment validly transferred Superior Funding's rights under the Mortgage to Wells Fargo, see G.L. c. 183, § 28, and Wells Fargo was authorized to foreclose under the statutory power of sale. Ibanez, 458 Mass. at 651.

### *2.     The Acknowledgment Was Valid, And The Assignment Was Recordable*

Although not required under Massachusetts law in order to be authorized to foreclose, assignments may also be recorded with the registry of deeds. To record an assignment, it follows that the assignment must be in recordable form. See G.L. c. 183, § 29; In re Nistad, 2012 WL 272750, *4 (Bankr. D. Mass. Jan. 30, 2012). For an assignment to be recordable it must comply with G.L. c. 183, § 29. Therefore an assignment must possess "a certificate of its acknowledgment or of the proof of its due execution" that is "endorsed upon or annexed to" the assignment. Id. Cf. In re Nistad, 2012 WL 272750, at *4 ("While generally an acknowledgment is not a necessary part of a mortgage, under Massachusetts law, no mortgage may be recorded without being accompanied by a valid acknowledgment."). "An acknowledgment is a formal statement that the instrument's execution was made by the signer's own free act and deed." Zamore v. Beaubrun, 2011 WL 4447194, *3 (Mass. Land Ct. Sept. 27, 2011) (citing McOuatt v. McOuatt, 320 Mass. 410, 413 (1946)). Pursuant to "[a]n Executive Order issued in 2004 regarding acknowledgments . . . an individual who signs the document [must]: (a) appear 'in person' before the notary public; (b) '[be] identified by the notary public through satisfactory evidence of identity'; and (c) indicate 'to the notary public that the signature on the document was voluntarily affixed by the individual for the purposes stated within the document ....'" Mortg. Elec. Registration Sys., Inc. v. Agin, 2009 WL 3834002, *2 (D. Mass. Nov. 17, 2009) (quoting Revised Exec. Order No. 455 (04–04), § 2 (May 15, 2004)). It is this "acknowledgement" that Plaintiff, without any explanation, alleges is defective. See Compl. ¶21. However, as shown below, the Assignment fulfilled all Massachusetts requirements regarding acknowledgements, and the Assignment is therefore in recordable form.

As alleged by the Plaintiff and as seen upon the face of the document, the Assignment was executed on July 3, 2006.  Subsequently, on July 5, 2006, the President of Superior Funding appeared before a notary public and acknowledged that he freely assigned the Mortgage. Id. In doing so, Mr. Shulman complied with the three acknowledgment standards. He (1) personally appeared, (2) made himself personally known to the notary, and (3) acknowledged that he freely assigned the Mortgage. Nothing more is required to validly acknowledge the Assignment.  Accordingly, Superior Funding's acknowledgment block was valid and no defect exists with respect to the Assignment.  As a result, even had Plaintiff's allegation of a notary defect had some legal affect on Wells Fargo's ability to foreclose (it did not as discussed *supra*), it is clear that the Assignment satisfies the requirements for acknowledgments of a mortgage assignment under Massachusetts law.

### B.     Plaintiff Lacks Standing To Challenge The Validity Of The Assignment.

This Court recently concluded that a borrower who is not a party to a mortgage assignment lacks standing to challenge its validity. Wilson v. HSBC Mortg. Services, Inc., 2012 WL 4083703, *1 (D. Mass. Sept. 14, 2012) ("Plaintiffs lack standing to challenge the validity of the mortgage assignment to Defendant since they were not a party to that transaction. . . . It is the prevailing view within this District that parties cannot challenge mortgage assignments to which they were neither a party nor a third-party beneficiary.") (collecting cases) (Hillman, J.).  In the present matter, the parties to the Assignment were Superior Funding (assignor) and Wells Fargo (assignee). See Compl. ¶21, Ex. A.  Plaintiff was neither named a party nor designated a third party beneficiary. Accordingly, she lacks standing to challenge the Assignment, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for this reason as well. Wilson, 2012 WL 4083703, at *1.

### C.   As The Assignment To Wells Fargo Was Valid, Each Of Plaintiff's Four Causes Of Action Against Wells Fargo and FHLMC Fail As A Matter Of Law

As demonstrated *supra*, the assignment of mortgage from Superior Funding to Wells Fargo validity assigned all rights and interests in the Mortgage to Wells Fargo.  As a result, Plaintiff's factual basis for each of her four claims against Wells Fargo and FHLMC – an allegation that there was a defect in the notary block - has been shown to be both irrelevant and legally untenable.  Consequently, the legal basis of each of Plaintiff's four causes of actions has been eviscerated, and each of the causes of action fails to state a claim upon which relief can be granted.  Count I must be dismissed as it seeks a declaratory judgment based on Plaintiff's false conclusion that Wells Fargo did not hold a valid assignment of mortgage.  See Compl. 32-37. Next, Plaintiff's assertion of a Quiet Title Claim fails as it too is premised on the false conclusion that Wells Fargo did not have a valid assignment.  See Compl. 44-52.  Count III for breach of duty of good faith and reasonable diligence is similarly flawed and must also be dismissed.  See Compl. 58.  Lastly, Count IV seeking injunctive relief fails as it "is merely a remedial measure disguised as a cause of action which would only be relevant if this Court held in Plaintiffs' favor on any of the previous counts enumerated herein."  Wilson, 2012 WL 4083703, at *2.  As Plaintiff has failed to allege any other plausible factual basis for relief under these four causes of action, Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### CONCLUSION

Wherefore, for the reasons set forth above, Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A., respectfully request that this Court dismiss Plaintiff's claims

with prejudice for failure to state a claim upon which relief can be granted, and for any further and different relief this Court deems equitable and just.

        Respectfully submitted,

        Federal Home Loan Mortgage Corporation, and
        Wells Fargo Bank, N.A.
        By their attorneys,

        */s/ Morgan T. Nickerson*
        Morgan Nickerson (BBO#667290)
        Morgan.nickerson@nelsonmullins.com
        Michael R. Stanley (BBO# 680957)
        Michael.stanley@nelsonmullins.com
        Nelson Mullins Riley & Scarborough LLP
        One Post Office Square, 30th Floor
        Boston, MA 02109
        (617) 573-4700
        (617) 573-4710 (fax)

Dated: November 9, 2012

**CERTIFICATE OF SERVICE**

    I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: November 9, 2012        */s/ Morgan T. Nickerson*